**N. O. WELLS, Plaintiff**

v.

**INNOCENCIA PLASKETT, Defendant**
**C. WARREN SMITH, Third-party defendant**

Civil No. 289-1966

District Court of the Virgin Islands
Div. of St. Thomas and St. John

April 24, 1969

*See, also, 298 F.Supp. 1162*

GEORGE H. T. DUDLEY, ESQ., *for plaintiff*

JOHN L. MADURO, ESQ., *for defendant Plaskett*

McGOWAN, LOUD, CAMPBELL and DENNENBERG, ESQS. (ROGER D. CAMPBELL, ESQ., of counsel) *for third-party defendant Smith*

STALEY, *Judge*
(Sitting by Designation)

## MEMORANDUM

Plaintiff, N. O. Wells, brought suit against defendant, Innocencia Plaskett, on October 5, 1966, alleging that defendant had created a nuisance by placing the dirt from an excavation on her land adjoining plaintiff's against plaintiff's building causing seepage of moisture through the wall and eventual decomposition of the mastic used to attach the vinyl tile to the floor of the building. Plaintiff also alleged that the excavation weakened the lateral support necessary for the proper protection of his building thereby causing same to crack and sag in different places. Plaintiff prayed for judgment of $2,500.00, and asked the Court to require defendant to remove the dirt from his wall and to reinstate the necessary lateral support.

In late November or early December of 1966 defendant sold the lot in question to C. Warren Smith without informing him of the lawsuit. The first he learned of it

was in May, 1967, when the District Judge and opposing attorneys viewed the site. This view was conducted in conjunction with a hearing held in the District Court in May, 1967, to determine whether the Court should grant plaintiff's prayer for relief. At this hearing plaintiff introduced into evidence four photographs which disclosed what appeared to be two cracks in one of the walls and damage to the tiles in his office. The Court took the case under advisement but subsequently released it when it learned that Smith was the present owner of the property. The Court then ordered Defendant to implead Smith.

On January 9, 1969, well over two years after the filing of the initial complaint, plaintiff filed an amended complaint in which he changed the word "defendant" from his initial complaint to read "defendants" and prayed for the identical relief requested in the initial complaint. Smith promptly brought a motion to dismiss both the amended complaint and the third-party complaint filed by defendant. At the hearing on this motion most of the argument centered on whether Smith had a duty to remove the alleged nuisance when he learned of a lawsuit in May, 1967, or whether plaintiff had a duty to request him to do so— something he never did prior to the filing of his amended complaint. Smith did argue, however, that the amended complaint should be dismissed for failure to state a claim upon which relief could be granted. It is clear that with regard to the issue of damages the Court would have been warranted in granting the motion because the amended complaint did not allege that plaintiff's damages increased after Smith learned of the alleged nuisance. Indeed, plaintiff prayed for the same amount of damages in his amended complaint as in his initial complaint. In order to determine whether there was a genuine issue of fact, the Court, with the agreement of the parties, treated the motion to dismiss as one for summary judgment pur-

suant to 5 V.I.C. App. I R56 (Rule 56 of the Federal Rules of Civil Procedure). Plaintiff and Smith filed opposing affidavits, but defendant Plaskett did not oppose the motion. Accordingly, judgment will be entered against her in favor of Smith.

At the hearing on the summary judgment motion Smith again insisted that plaintiff's papers on file demonstrated that there was no genuine issue regarding plaintiff's increased damages. Plaintiff offered no evidence to rebut this contention except the bald statement in his affidavit that his damages were aggravated after May, 1967, by the destruction of his tile and the widening of the crack on the west wall. Plaintiff neither took the stand nor offered demonstrative evidence to buttress this assertion. To the contrary, in the same affidavit plaintiff swore that the allegations made in his initial complaint and amended complaint were true. In other words, plaintiff once again stated that his monetary damages now are no different than they were in 1966. Under these circumstances the Court must conclude that plaintiff has no legal claim against Smith. And since Smith has refilled the hole and has removed the offending dirt from plaintiff's wall, plaintiff, at the present time, has no equitable claim against Smith. This being so, it is immaterial whether Smith should have been formally requested to remove the alleged nuisance. There being no genuine issue of fact concerning enhanced financial loss to plaintiff after Smith learned of the lawsuit, judgment will be entered against plaintiff in favor of Smith.